IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAFAEL CAHVARRIAGA | § | |
| v. | § | CIVIL ACTION NO. 6:06cv468 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Rafael Cahvarriaga, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cahvarriaga was convicted of murder on April 2, 2003, in Henderson County, Texas.  He took a direct appeal, which was affirmed on December 20, 2004.  Cahvarriaga did not file a petition for discretionary review.

Instead, on February 8, 2005, prior to the issuance of the mandate from the Court of Appeals, Cahvarriaga filed a state habeas application.  This application was dismissed on March 9, 2005, because his direct appeal was still pending at the time he filed the petition (in that the mandate had not yet issued and so the appeal was not yet final).

On January 31, 2006, Cahvarriaga then filed a petition for the writ of mandamus in the Texas Court of Criminal Appeals.  On May 24, 2006, leave to file this petition was denied.  Cahvarriaga then signed his federal habeas corpus petition on October 22, 2006.

The Magistrate Judge reviewed Cahvarriaga's pleadings and issued a Report on February 12, 2007, recommending that the petition be dismissed because the statute of limitations had expired. The Magistrate Judge determined that, even if Cahvarriaga received equitable tolling for the time period that his state habeas petition was filed as well as the time period during which his application for the writ of mandamus was filed, Cahvarriaga was still late in filing his federal petition. Assuming that Cahvarriaga received equitable tolling for all of these time periods, his limitations period would begin to run on March 9, 2005, and expire on March 9, 2006. His mandamus petition was filed on January 31, 2006, after 328 days had expired, leaving 37 days left; the mandamus petition was denied on May 24, 2006, and so the limitation period began to run again, expiring on June 30, 2006, 114 days before Cahvarriaga signed his federal habeas petition.[1] Consequently, the Magistrate Judge recommended that Cahvarriaga's petition be dismissed.

Cahvarriaga filed objections to the Magistrate Judge's Report on March 5, 2007. However, these objections do not address the time line set out by the Magistrate Judge, nor show that the Magistrate Judge's calculations were incorrect. Instead, he appears to argue that the trial court never responded to his state habeas petition, although he concedes that his petition was dismissed because the trial court lacked jurisdiction to hear it (because it was filed while his direct appeal was pending). He says that this left him with no way to challenge his conviction and says that his case is back in the appeals court because he filed a notice of appeal in August of 2006, over seven months after the Court of Appeals' decision and over four months after the issuance of the mandate.

Cahvarriaga cannot resurrect the limitations period by such artifices. The on-line records of the Twelfth Court of Appeals do not show that his case has been reopened, but merely that a letter was received on August 18, 2006. *See* http://www.12thcoa.courts.state.tx.us/opinions/case.

---

[1] The Court of Appeals issued its opinion on December 30, 2005, and so Cahvarriaga's conviction actually became final on January 29, 2006, when his time for filing a petition for discretionary review elapsed. The date of issuance of the mandate is not controlling for federal limitations purposes. *See* Flores v. Quarterman, 467 F.3d 484, 485 (5th Cir. 2006). His limitations thus began to run in January, but the Magistrate Judge assumed that the limitations period would be equitably tolled until his habeas petition was dismissed on March 9, 2006.

asp?FilingID=7086. His claim that he had "no way" to challenge his conviction is specious, because even after his time period for seeking discretionary review expired, he could have filed a state habeas petition after the issuance of the mandate by the Court of Appeals. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice because of the expiration of the statute of limitations. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Rafael Cahvarriaga is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 7th day of March, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE